UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DALE SOUTHWELL,           )
                                 )
            Petitioner,           )    Case No. 4:05-cv-118
                                 )
v.                               )    Honorable Gordon J. Quist
                                 )
ALLEN BYNUM et al.,              )
                                 )
            Respondents.         )
_____)

### **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's challenge to his underlying OUIL 3rd conviction must be dismissed for lack of jurisdiction and that his direct challenge to his felon-in-possession conviction must be dismissed for failure to exhaust his state court remedies.

**Discussion**

    I.       Factual Allegations

In 1993, Petitioner pleaded guilty in the Calhoun County Circuit Court to operating while under the influence of liquor, third offense (OUIL 3rd).  Petitioner originally was sentenced to one year on a tether, followed by probation.  After violating his probation, Petitioner was re-sentenced on January 29, 1996, to imprisonment for three to five years.  He was discharged from the offense on April 4, 2000.  On July 28, 2005, Petitioner was convicted in the Calhoun County Circuit Court of being a felon in possession of a firearm.  He presently is serving a one-year sentence in the Calhoun County Jail.

Petitioner contends that the OUIL 3rd conviction was the underlying felony for his felon-in-possession conviction.[1]  Petitioner appears to challenge both his felon-in-possession conviction and his underlying felony conviction for OUIL 3rd.  With regard to his felon-in-possession conviction, Petitioner first claims that the firearms at issue were seized during an illegal search of his residence in violation of his Fourth, Fifth and Fourteenth Amendment rights.  Second, Petitioner asserts that the indictment/warrant was insufficient to inform Petitioner of the true nature and cause of the accusations in violation of the Sixth Amendment.  With regard to the underlying OUIL 3rd conviction, Petitioner claims that the trial court failed to conduct the plea proceedings in compliance with state law.

---

[1] According to the Michigan Department of Corrections Offender Tracking Information System (OTIS), Petitioner has two other previous felony convictions.  He was convicted of larceny in a building in 1975 and breaking and entering a building with intent to commit larceny in 1976.

II.     OUIL 3rd Conviction[2]

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner satisfies the "in custody" requirement by directly attacking a sentence that he is currently serving. *Lackawanna County Dist. Attorney v Cross*, 532 U.S. 399, 401-02 (2001). When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna*, 532 U.S. at 401. The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under § 2254(a). *Maleng*, 490 U.S. at 492.

Furthermore, when a petitioner's current sentence has been enhanced by a prior conviction, the sentence for which has completely expired, the petitioner may not attack the prior conviction indirectly through an attack upon his current sentence if the prior conviction is no longer subject to challenge of its own accord. *Lackawanna,* 532 U.S. at 403-04.

Petitioner's OUIL 3rd conviction was fully discharged in 2000. Because Petitioner is no longer "in custody" pursuant to the OUIL 3rd conviction, he may not directly attack it through the instant habeas petition. *See* 28 U.S.C. § 2254(a); *Lackawanna*, 532 U.S. at 401. Furthermore, even if the petition is construed as an attack upon his current sentence, which was predicated upon his previous OUIL 3rd conviction, he may not collaterally attack his OUIL 3rd conviction because that conviction is conclusively valid and no longer subject to challenge in its own right. *See*

---

[2] Petitioner filed a previous habeas corpus action challenging his OUIL 3rd conviction. *See Southwell v. MDOC*, 4:97-cv-115 (W.D. Mich.) The Court dismissed his action without prejudice for failure to exhaust his state court remedies on November 6, 1997.

*Lackawanna*, 532 U.S. at 403-04.  Thus, Petitioner may not use the instant § 2254 petition as a vehicle to challenge his OUIL 3rd conviction, for which the sentence has fully expired.

Finally, petitioner does not fall within either of the exceptions set forth in *Lackawanna*.  *Id.* at 404-06; *see also Kerr v. Hedrick,* 89 F. App'x 962, 963 (6th Cir. 2004); *Ferqueron v. Straub*, No. 02-1752, 54 F. App'x 188, 190 (6th Cir. 2002).  Petitioner does not allege that his OUIL 3rd conviction was obtained in the absence of counsel and the Michigan court system provides a forum for defendants to challenge their convictions.  Accordingly, the petition is dismissed for lack of jurisdiction to the extent that Petitioner seeks to challenge his OUIL 3rd conviction either directly or indirectly.

### III.     Felon-in-Possession Conviction

Petitioner currently is serving a sentence for being a felon in possession of a firearm, and, thus, is "in custody" pursuant to that conviction.  However, to the extent Petitioner challenges his felon-in-possession conviction, he fails to demonstrate exhaustion of his state-court remedies.  Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" his federal claims to the state courts so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley*

*v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). It is unclear from the petition whether Petitioner was convicted by a jury or pleaded guilty to being a felon in possession of a firearm. In either event, Petitioner could appeal his conviction to the Michigan appellate courts. If he was convicted by a jury, Petitioner could appeal as of right to the Michigan Court of Appeals. *See* M.C.R. 7.203(A)(1). An appeal from a judgment of conviction based upon a plea of guilty or nolo contendere may be brought only by application for leave to appeal. *See* M.C.R. 7.203(A)(1)(b); MICH. COMP. LAWS § 770.3(1)(d). The decision of the Michigan Court of Appeals is appealable to the Michigan Supreme Court. In the event Petitioner failed to file his direct appeal or application for leave to appeal in the time required under Michigan law, he may file a motion for relief from judgment. *See* M.C.R. 6.500 *et seq.* Petitioner does not allege or show that he raised his two claims pertaining to his felon-in-possession conviction in the Michigan appellate courts, thus rendering these subject to dismissal.

**<u>Conclusion</u>**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4. The court lacks jurisdiction over Petitioner's challenge to his underlying OUIL

3rd conviction, and Petitioner's direct challenge to his felon-in-possession conviction must be dismissed, without prejudice, for failure to exhaust his state court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims for lack of subject matter jurisdiction or for lack of exhuastion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: November 22, 2005                           /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE